# EXHIBIT A

CONFIDENTIAL
Pursuant to
Tex. Gov't Code § 2003.104

SOAH DOCKET NO. 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.20
TCPA DOCKET NO. 112,681

Attachment ___C___

| | | |
|---|---|---|
| **JAI DINING SERVICES (EL PASO), INC.** Taxpayer No. 3-20486-8927-0 | § § § | BEFORE THE STATE OFFICE |
| v. | § § | OF |
| **TEXAS COMPTROLLER OF PUBLIC ACCOUNTS** | § § § | ADMINISTRATIVE HEARINGS |

SOAH DOCKET NO. 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.20
TCPA DOCKET NO. 112,682

| | | |
|---|---|---|
| **JAI DINING SERVICES (EL PASO), INC.** Taxpayer No. 3-20486-8927-0 | § § § | BEFORE THE STATE OFFICE |
| v. | § § | OF |
| **TEXAS COMPTROLLER OF PUBLIC ACCOUNTS** | § § § | ADMINISTRATIVE HEARINGS |

SOAH DOCKET NO. 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.20
TCPA DOCKET NO. 112,683

| | | |
|---|---|---|
| **JAI DINING SERVICES (EL PASO), INC.** Taxpayer No. 3-20486-8927-0 | § § § | BEFORE THE STATE OFFICE |
| v. | § § | OF |
| **TEXAS COMPTROLLER OF PUBLIC ACCOUNTS** | § § § | ADMINISTRATIVE HEARINGS |

SOAH DOCKET NO. 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.20
TCPA DOCKET NO. 112,684

| | | |
|---|---|---|
| **JAI DINING SERVICES (EL PASO), INC.** Taxpayer No. 3-20486-8927-0 | § § § | BEFORE THE STATE OFFICE |
| v. | § § | OF |
| **TEXAS COMPTROLLER OF PUBLIC ACCOUNTS** | § § § | ADMINISTRATIVE HEARINGS |

> CONFIDENTIAL
> Pursuant to Tex. Gov't Code
> § 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*     CORRECTED PROPOSAL FOR DECISION    PAGE 2
TCPA DOCKET NOs. 112,681 *et seq.*

## CORRECTED PROPOSAL FOR DECISION

The Tax Division (Staff) of the Texas Comptroller of Public Accounts (Comptroller) issued six jeopardy determinations to Jai Dining Services (El Paso), Inc. (Petitioner) after determining that it was liable for the Sexually Oriented Business Fee (SOBF) for various periods. Petitioner requested a redetermination hearing for each assessment. Petitioner's primary argument is that it was not operating a sexually oriented business in the periods at issue. In the alternative, it contends that Staff's estimate overstates the amount of fees that would be due. Petitioner also contends the penalty and interest assessments should be waived. Staff revised its estimation procedures and issued a single combined-billing assessment, but it contends Petitioner's contentions should be denied. In this Proposal for Decision, the Administrative Law Judge (ALJ) finds that Petitioner demonstrated by a preponderance of the evidence that it was not subject to the SOBF. Therefore, the combined-billing assessment at issue should be dismissed.

## I. PROCEDURAL HISTORY, NOTICE, AND JURISDICTION

On March 4, 2016, Staff referred the cases to the State Office of Administrative Hearings, and hearings were set on the same date. Staff issued Notices of Hearing to Petitioner, and the cases were assigned to ALJ Trevor Moore. Order No. 1 combined the cases for purposes of issuing a single PFD. For docket control purposes, the cases were transferred to ALJ Victor John Simonds, and a hearing on the merits convened on August 31, 2016. Staff was represented by Assistant General Counsel Isreal Miller. Petitioner was represented by Curtis Osterloh and Eric Hagenswold of Scott, Douglass & McConnico, L.L.P. The record closed at the conclusion of the hearing. There are no issues of ~~notice or~~ jurisdiction; therefore, those matters are set out in the Findings of Fact and Conclusions of Law without further discussion. <u>In exceptions, Staff argues that Petitioner's dancers were "nude" for purposes of Tex. Bus. & Com. Code § 102.051 because adhesive opaque latex does not qualify as</u>

> **CONFIDENTIAL**
> Pursuant to Tex. Gov't Code
> § 2003.104

**SOAH DOCKET NOs. 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.20** *et seq.*   **CORRECTED PROPOSAL FOR DECISION**   **PAGE 3**
**TCPA DOCKET NOs. 112,681** *et seq.*

"clothing." In its reply to the exceptions, Petitioner contends Staff did not timely raise the argument that adhesive opaque latex does not qualify as "clothing," so the argument should not be considered a contested case issue. Staff did not, in pre-hearing pleadings, in the Notice of Hearing, or during the oral hearing, timely raise the argument that adhesive opaque latex coverings do not qualify as "clothing." Thus, the issue was properly excluded as a contested case issue. *See* Conclusion of Law No. 3; *see also*, Staff's Position Letter, Notice of Hearing; Oral Hearing recording.

## II. REASONS FOR DECISION

### A. Evidence Presented

Staff presented the testimony of Jorge Gonzalez (a supervisor in the Comptroller's Audit Headquarters). Staff submitted the following exhibits for each hearing:

1. Texas Notice of Combined Billing Assessment;
2. Exam Schedule;
3. Texas Notice of Tax/Fee Due;
4. Various Taxpayer History Documents; and
5. Enforcement Division Tracking Log Entries.

Petitioner presented the testimony of its general manager, Alex Torres. Petitioner also presented the testimony of Hector Lopez and Scott Sherman, who are respectively employed as a regional manager and general counsel by RCI Management Services, Inc. Petitioner presented the following exhibits:

1. Taxpayer Search Results;
2. Sale and Assumption Agreement;
3. Mutual Release and Settlement Agreement;
4. Management Agreement;
5. Summary Operation Timeline;
6. Petitioner's Proposed Estimated SOBF (alternative contention);
7. Petitioner's Texas Sales and Use Tax Returns;

> CONFIDENTIAL
> Pursuant to Tex. Gov't Code
> § 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*  CORRECTED PROPOSAL FOR DECISION   PAGE 4
TCPA DOCKET NOs. 112,681 *et seq.*

    8.    Oral Deposition of Jorge Gonzalez; and
    9.    Enforcement Division Comments.

Each of the listed exhibits was admitted into the record without objection.

**B.   Agreed Adjustments**

Staff did not agree to any adjustments to the assessment.

**C.   Facts Established by the Evidence**

In September 2012, Petitioner secured a sales tax permit and began operating a business located in El Paso, Texas. Petitioner's business was a "bring-your-own-bottle" (BYOB) establishment that sold "set ups," but it did not sell alcoholic beverages. Petitioner also charged customers a fee to enter its club, which was known as "Jaguars El Paso." The charge was $10 before 10:00 p.m., $20 after 10:00 p.m., and $30 for any minor that entered the building.[1] For example, in the fourth quarter of 2012, Petitioner reported $139,849 in taxable sales based, in part, on the entry charges it collected.[2]

Petitioner's regional manager, Mr. Lopez, acknowledged that Jaguars El Paso had advertising on its website in 2012 that described the club as an all-nude club.[3] However, he attributed the advertisements to corporate mistakes and explained that some Jaguar clubs are all nude. Mr. Lopez also confirmed that Jaguars El Paso had signs outside the club in 2012 stating that the club was all nude, but he explained that the signs were taken down once Petitioner began operating the club.[4] Petitioner's general manager, Mr. Torres, testified that, for all periods at

---

[1] Hearing Testimony at 1:10.30.

[2] Staff's Exhibit No. 4.

[3] Hearing Testimony at 1:44.00.

[4] *Id.* at 1:51.00.

CONFIDENTIAL
Pursuant to Tex. Gov't Code
§ 2003.104

issue, the club was a "bikini bar" in which customers paid to watch women dance on a stage in bikinis.[5] Mr. Torres stated that the dancers were allowed to remove bikini tops but explained that they also had adhesive opaque latex that covered the breasts below the top of the areola.[6] Mr. Torres also testified that the bikini bottoms fully covered the dancer's buttocks. He stated that Petitioner did not have the permits that are required to operate an all-nude club and added that the club has never been cited for operating such a club without a permit.

In 2007, the Texas Legislature enacted the Sexually Oriented Business Fee Act. *See* Tex. Bus. & Com. Code § 102.051 *et seq.* Effective January 1, 2008, the SOBF was imposed on a sexually oriented business in an amount equal to $5 for each entry by each customer admitted to the business. *Id.* § 102.052(a). For example, Petitioner filed a Texas Fee Report for Sexually Oriented Business and stated that it had had 1,073 customer entries for the quarter ending September 30, 2012. However, it reported that there was no SOBF fee due. Petitioner also filed reports in 2014; however, in each case, it reported zero customers and no SOBF fee due. In June 2015, an employee from the Comptroller's Enforcement Division visited Petitioner's club and confirmed that the club should be reporting the SOBF.[7] However, Staff's evidence does not provide any details about the visit. The Enforcement Division also contacted Petitioner's corporate headquarters to warn about collection efforts that would ensue if Petitioner did not remit the SOBF amounts due.

On July 3, 2015, Staff issued a series of estimated jeopardy assessments to Petitioner. Petitioner requested redetermination for each assessment, and Staff assigned four hearing numbers. The SOBF assessments covered the following periods:

TCPA Docket No. 112,681:  October 1, 2012, through December 31, 2012;

---

[5] *Id.* at 1:28.00.

[6] *Id.* at 1:04.00.

[7] Staff's Exhibit No. 4.

> **CONFIDENTIAL**
> Pursuant to Tex. Gov't Code
> § 2003.104

| | |
|---|---|
| **SOAH DOCKET NOs. 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.20** *et seq.* | **CORRECTED PROPOSAL FOR DECISION**    PAGE 6 |
| **TCPA DOCKET NOs. 112,681** *et seq.* | |

|  | January 1, 2013, through March 31, 2013; |
|---|---|
|  | April 1, 2013, through June 30, 2013; |
| TCPA Docket No. 112,682: | October 1, 2013, through December 31, 2013; |
| TCPA Docket No. 112,683: | April 1, 2014, through June 30, 2014; and |
| TCPA Docket No. 112,684: | October 1, 2014, through December 31, 2014. |

On November 3, 2015, Staff revised its estimation procedures and issued a Texas Notification of Combined Billing Assessment. The combined assessment covered the period July 1, 2012, through June 30, 2015, and it totaled $698,128.08 (including SOBF, penalties, and interest). Staff's revised estimate is that Petitioner owed $50,000 in taxes/fees for each quarter in the assessment period.

Petitioner contends the assessment raises due process concerns. Petitioner argues that it is being asked to defend an assessment that is based on what it contends is essentially supposition. Petitioner contends it was not operating a sexually oriented business in the periods at issue. It also argues that, even if it was operating a business that was subject to the SOBF, Staff's estimate overstates the amount of fees that would be due because it assumes Petitioner had 10,000 customers per quarter, or over 3,300 per month. Mrs. Lopez and Torres testified that Petitioner's point-of-sale system tracked the number of customers that entered the club, and the number of customers entering its club ranged from 763 to 2,079 in the assessment period.[8] For example, according to Petitioner, 5,505 customers entered its club in the fourth quarter of 2012.

Staff contends the combined billing assessment should be upheld because Petitioner has not provided sufficient evidence to show audit error. Staff also contends penalty and interest waiver is not warranted.

### D.   Analysis and Recommendations

---

[8] Petitioner's Exhibit No. 5.

Case 3:17-cv-00161-DB   Document 1-1   Filed 05/22/17   Page 8 of 13

CONFIDENTIAL
Pursuant to Tex. Gov't Code
§ 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*   CORRECTED PROPOSAL FOR DECISION   PAGE 7
TCPA DOCKET NOs. 112,681 *et seq.*

Taxing statutes must be strictly construed against the taxing authority and liberally construed in favor of the person or entity sought to be held taxable. *See Bullock v. Statistical Tabulating Corp.*, 549 S.W. 2d 166, 169 (Tex. 1977). When the issue involved is the propriety of the imposition of a tax on the person or object of the tax, <u>the statute must be construed strictly against the taxing authority</u> ~~any doubts are to be resolved against the taxing entity~~ and <u>liberally</u> in favor of the taxpayer. *See* <u>Conclusion of Law No. 7 (changed), *citing*</u> *Bullock v. Ramada Texas, Inc.*, 586 S.W.2d 651, 653 (Tex. App.—Austin, 1979, writ ref'd n.r.e.). ~~Thus,~~ Staff must make a *prima facie* case showing that Petitioner's business was subject to the SOBF during the assessment periods. A *prima facie* case is one that allows a fact finder to infer the fact at issue and rule in the party's favor. *See Black's Law Dictionary,* Tenth Ed. (2014, Thomson Reuters). If Staff makes a *prima face* case, the burden shifts to Petitioner to prove by a preponderance of the evidence that his club was not subject to the SOBF during the assessment periods. *See* 34 Tex. Admin. Code § 1.40(2)(B).

<u>*Source:* The word "thus" is deleted. The citations preceding the word "thus" relate to how tax statutes are construed (strictly against a taxpayer or strictly against the taxing authority, depending on the issue). *See Bullock v. Statistical Tabulating Corp.,* 549 S.W. 2d 166, 169 (Tex. 1977); *Bullock v. Ramada Texas, Inc.,* 586 S.W.2d 651, 653 (Tex. App.—Austin, 1979, writ ref'd n.r.e.). Staff's prima facie showing is not ["thus"] a result of statutory construction.</u>

A sexually oriented business is defined as a nightclub, bar, restaurant, or similar commercial enterprise that:

(A)   provides for an audience of two or more individuals live nude entertainment or live nude performances; and

(B)   authorizes on-premises consumption of alcoholic beverages, regardless of whether the consumption of alcoholic beverages is under a license or permit issued under the Alcoholic Beverage Code.

**CONFIDENTIAL**
Pursuant to Tex. Gov't Code
§ 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*      **CORRECTED PROPOSAL FOR DECISION**     **PAGE 8**
TCPA DOCKET NOs. 112,681 *et seq.*

Tex. Bus. & Com. Code § 102.051(2).

It is undisputed that Petitioner's club collected admission fees so that an audience of two or more persons could view live entertainment. It is also undisputed that Petitioner's club authorized the on-premises consumption of alcoholic beverages. The initial contested case issue is whether Staff's evidence supports an inference that Petitioner's dancers were nude.

"Nude" is defined as:

(A)     entirely unclothed; or.

(B)     clothed in a manner that leaves uncovered or visible through less than fully opaque clothing any portion of the breasts below the top of the areola of the breasts, if the person is female, or any portion of the genitals or buttocks.

*Id.* § 102.051(1).

An enforcement officer visited Petitioner's club and determined that the business was subject to the SOBF. Staff also provided copies of SOBF reports that Petitioner filed and evidence of club advertising. Staff's evidence establishes, *prima facie*, that Jaguar El Paso was a sexually oriented business during the periods at issue. However, Staff's evidence does not include any details about what the enforcement officer saw when he or she visited the club, and the visit occurred outside the assessment period. Petitioner's witnesses offered plausible explanations about the advertising. Petitioner's witnesses also testified that the dancers were allowed to remove their bikini tops so long as they also had adhesive opaque latex that covered the breasts below the top of the areola. *See* Finding of Fact No. 5. Dancers who cover their breasts below the top of the areola with only adhesive opaque latex are considered "nude" for purposes of Tex. Bus. & Com. Code § 102.051(1)(B). *See* Conclusion of Law No. 13. However, because Staff did not timely raise the contention that the adhesive opaque latex is not clothing, it is not being considered in this case. *See* Conclusion of Law No. 3. The assessment is dismissed.

Case 3:17-cv-00161-DB   Document 1-1   Filed 05/22/17   Page 10 of 13

CONFIDENTIAL
Pursuant to Tex. Gov't Code
§ 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*   CORRECTED PROPOSAL FOR DECISION   PAGE 9
TCPA DOCKET NOs. 112,681 *et seq.*

~~Moreover, Petitioner's witnesses were credible when they testified that its club did not provide nude entertainment during the assessment period. Though it is a very close call, the ALJ finds that the greater weight of the evidence demonstrates that Petitioner did not operate as sexually oriented business during the assessment period.~~

## III. FINDINGS OF FACT

1. In September 2012, Jai Dining Services (El Paso), Inc. (Petitioner) secured a sales tax permit and began operating a business located in El Paso, Texas.

2. Petitioner's business was a "bring-your-own-bottle" (BYOB) establishment that charged customers a fee to enter its club, which was known as "Jaguars El Paso."

3. Petitioner sold "set ups," but it did not sell alcoholic beverages.

4. Petitioner charged its customers a fee to enter the club; the charge was $10 before 10:00 p.m., $20 after 10:00 p.m., and $30 for any minor that entered the building.

5. For all periods at issue, the club was a "bikini bar" in which customers paid to watch women dance on a stage in bikinis. The dancers were allowed to remove bikini tops but explained that they also had adhesive opaque latex that covered the breasts below the top of the areola. The bikini bottoms fully covered the dancer's buttocks.

6. During the periods at issue, Petitioner did not have the permits that are required to operate an all-nude club, and the club has never been cited for operating such a club without a permit.

7. Petitioner filed a Texas Fee Report for Sexually Oriented Business and stated that it had had 1,073 customer entries for the quarter ending September 30, 2012. However, it reported that there was no Sexually Oriented Business Fee (SOBF) due. Petitioner also filed reports in 2014; however, in each case, it reported zero customers and no SOBF fee due.

8. In June 2015, an employee from the Comptroller's Enforcement Division visited Petitioner's club and confirmed that the club should be reporting the SOBF. The Enforcement Division also contacted Petitioner's corporate headquarters to warn about collection efforts that would ensue if Petitioner did not remit the SOBF amounts due.

Case 3:17-cv-00161-DB Document 1-1 Filed 05/22/17 Page 11 of 13

CONFIDENTIAL
Pursuant to Tex. Gov't Code
§ 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*  CORRECTED PROPOSAL FOR DECISION  PAGE 10
TCPA DOCKET NOs. 112,681 *et seq.*

9. On July 3, 2015, Staff issued a series of estimated jeopardy assessments to Petitioner.

10. Petitioner requested redetermination for each assessment, and Staff assigned four hearing numbers. The SOBF assessments covered the following periods:

    TCPA Docket No. 112,681:  October 1, 2012, through December 31, 2012;
    January 1, 2013, through March 31, 2013;
    April 1, 2013, through June 30, 2013;
    TCPA Docket No. 112,682:  October 1, 2013, through December 31, 2013;
    TCPA Docket No. 112,683:  April 1, 2014, through June 30, 2014; and
    TCPA Docket No. 112,684:  October 1, 2014, through December 31, 2014.

11. On November 3, 2015, Staff revised its estimation procedures and issued a Texas Notification of Combined Billing Assessment. The combined assessment covered the period July 1, 2012, through June 30, 2015, and it totaled $698,128.08 (including SOBF, penalties, and interest). Staff's revised estimate is that Petitioner owed $50,000 in taxes/fees for each quarter in the assessment period.

12. On March 4, 2016, Staff referred the cases to the State Office of Administrative Hearings (SOAH), and hearings were set on the same date.

13. Staff issued Notices of Hearing. The notices contained the date, time, and location of the hearings; a statement of the nature of the hearing; a statement of the legal authority and jurisdiction under which the hearing was to be held; a reference to the particular sections of the statutes and rules involved; and a short, plain statement of the factual matters asserted.

14. Order No. 1 combined the cases for purposes of issuing a single Proposal for Decision.

15. On August 31, 2016, the Administrative Law Judge convened a hearing on the merits.

16. The contested case record closed at the conclusion of the hearing.

## IV. CONCLUSIONS OF LAW

1. The Comptroller has jurisdiction over this matter pursuant to Texas Tax Code ch. 111.

2. SOAH has jurisdiction over matters related to the hearing in this matter, including the authority to issue a proposal for decision with findings of fact and conclusions of law pursuant to Texas Government Code ch. 2003.

Case 3:17-cv-00161-DB   Document 1-1   Filed 05/22/17   Page 12 of 13

CONFIDENTIAL
Pursuant to Tex. Gov't Code
§ 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*     CORRECTED PROPOSAL FOR DECISION     PAGE 11
TCPA DOCKET NOs. 112,681 *et seq.*

3. Staff provided proper and timely notice of the hearing pursuant to Texas Government Code ch. 2001. <u>Staff did not provide proper and timely notice with respect to the issue of whether adhesive opaque latex qualifies as "clothing" for purposes of Tex. Bus. & Com. Code § 102.051(1).</u>

   <u>*Source:* See Staff's Notice of Hearing; Tex. Gov't Code § 2001.052(a). See also, Attachment B, ALJ's letter to the comptroller.</u>

4. In 2007, the Texas Legislature enacted the Sexually Oriented Business Fee (SOBF) Act. *See* Tex. Bus. & Com. Code § 102.051 *et seq.*

5. Effective January 1, 2008, the SOBF was imposed on a sexually oriented business in an amount equal to $5 for each entry by each customer admitted to the business. *See* Tex. Bus. & Com. Code § 102.052(a).

6. Taxing statutes must be strictly construed against the taxing authority and liberally construed in favor of the person or entity sought to be held taxable. *See Bullock v. Statistical Tabulating Corp.*, 549 S.W. 2d 166, 169 (Tex. 1977).

7. When the issue involved is the propriety of the imposition of a tax on the person or object of the tax, <u>the statute must be construed strictly against the taxing authority</u> ~~any doubts are to be resolved against the taxing entity~~ and <u>liberally</u> in favor of the taxpayer. *See, e.g. Bullock v. Ramada Texas, Inc.*, 586 S.W.2d 651, 653 (Tex. App.—Austin, 1979, writ ref'd n.r.e.).

   <u>*Source:* Language is added and deleted to conform to the proposition stated in Bullock v. Ramada Texas, Inc.</u>

8. The initial burden of proof rests on Staff to make a *prima facie* case showing that Petitioner's business was subject to the SOBF during the assessment periods.

9. A *prima facie* case is one that allows a fact finder to infer the fact at issue and rule in the party's favor. *See Black's Law Dictionary,* Tenth Ed. (2014, Thomson Reuters).

10. If Staff makes a *prima face* case, the burden shifts to Petitioner to prove by a preponderance of the evidence that his club was not subject to the SOBF during the assessment periods. *See* 34 Tex. Admin. Code § 1.40(2)(B).

11. A sexually oriented business is defined as a nightclub, bar, restaurant, or similar commercial enterprise that provides for an audience of two or more individuals live nude

CONFIDENTIAL
Pursuant to Tex. Gov't Code
§ 2003.104

SOAH DOCKET NOs. 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.20 *et seq.*　　CORRECTED PROPOSAL FOR DECISION　　PAGE 12
TCPA DOCKET NOs. 112,681 *et seq.*

　　　　entertainment or live nude performances and authorizes on-premises consumption of alcoholic beverages, regardless of whether the consumption of alcoholic beverages is under a license or permit issued under the Alcoholic Beverage Code. Tex. Bus. & Com. Code § 102.051(2).

12.　　Performers are nude if they are entirely unclothed or clothed in a manner that leaves uncovered or visible through less than fully opaque clothing any portion of the breasts below the top of the areola of the breasts, if the person is female, or any portion of the genitals or buttocks. Tex. Bus. & Com. Code § 102.051(1).

13.　　In the context of Tex. Bus. & Com. Code § 102.051(1), "clothing" means a garment used to cover the body, or a part of the body, typically consisting of cloth or a cloth-like material. Paint, latex, wax, gel, foam, film, coatings, and other substances applied to the body in a liquid or semi-liquid state are not clothing. *See* 34 Tex. Admin. Code § 3.722(a)(1) (eff. January 29, 2017).

　　　　*Source: See 42 TexReg 219 (Explaining, with respect to amended § 3.722, "The comptroller will apply the revised section to all pending and future cases.")*

~~13.~~ 14.　　Staff's evidence establishes, *prima facie*, that Petitioner operated a sexually oriented business during the periods at issue.

~~14.~~ 15.　　~~The greater weight of~~ Petitioner's evidence, in the absence of rebuttal evidence from Staff or timely argument by Staff, demonstrates that Jaguars El Paso did not operate as a sexually oriented business during the assessment period.

~~15.~~ 16.　　The assessment against Petitioner should be dismissed.


**SIGNED September 9, 2016.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　VICTOR JOHN SIMONDS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ADMINISTRATIVE LAW JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　STATE OFFICE OF ADMINISTRATIVE HEARINGS